# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DURAPLAS, LP, | § | |
| | § | |
| Plaintiff-Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1310-K |
| | § | |
| DIVERSITECH CORPORATION, | § | |
| | § | |
| Defendant-Counterclaim Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are DiversiTech Corporation's Motion for a Preliminary Injunction (Doc. No. 64) ("Motion for Preliminary Injunction"), DiversiTech Corporation's Brief in Support of its Motion for Preliminary Injunction (Doc. Nos. 65 (public version) & 69 (sealed version)) ("Brief in Support of Motion for Preliminary Injunction"), Plaintiff DuraPlas, LP's Response in Opposition to Defendant's Motion for Preliminary Injunction and Brief in Support (Doc. Nos. 84 (public version) & 87 (sealed version)) ("Opposition to Preliminary Injunction"), DiversiTech Corporation's Reply Brief in Further Support of its Motion for Preliminary Injunction (Doc. No. 99) ("Reply in Support of Preliminary Injunction"), and the supporting appendices. The Court has carefully considered the Motion for Preliminary Injunction, the Brief in Support of Motion for Preliminary Injunction, the Opposition to Preliminary Injunction, and the Reply in Support of Preliminary Injunction, as well as the

1

applicable law and the supporting appendices. For the reasons stated below, the Court **DENIES** the Motion for Preliminary Injunction.

Also before the Court are Plaintiff DuraPlas, LP's Motion to Strike Defendants' Improper Reply and Supporting Evidence or, in the Alternative, for Leave to File a Sur-Reply and Brief in Support ("Motion to Strike") (Doc. No. 101), DiversiTech's Response in Opposition to DuraPlas's Motion to Strike Portions of Reply in Support of Preliminary Injunction (Doc. No. 118) ("Response to Motion to Strike"), and Plaintiff DuraPlas, LP's Reply in Support of Its Motion to Strike (Doc. No. 136) ("Reply in Support of Motion to Strike"). The Court has carefully considered the Motion to Strike, the Response to Motion to Strike, and the Reply in Support of Motion to Strike, as well as the applicable law. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Strike.

## I.    Background

In this case, DiversiTech Corporation ("DiversiTech") alleges DuraPlas, LP ("DuraPlas") infringes U.S. Patent No. 12,312,123 (the "'123 Patent") along with other patents. In the Motion for Preliminary Injunction, DiversiTech moves pursuant to Federal Rule of Civil Procedure 65(a) and 35 U.S.C. § 283 for a preliminary injunction based on its positions that DuraPlas's PolarPad products likely infringe Claims 1, 4–7, and/or 9 of the '123 Patent, that the '123 Patent is likely valid, that DiversiTech has suffered and will continue to suffer irreparable harm from DuraPlas's

infringement absent a preliminary injunction, and that the balance of equities and public interest favor a preliminary injunction.

In the Motion to Strike, DuraPlas moves to strike Section I of DiversiTech's Reply in Support of Preliminary Injunction as well as the appendix attached to that brief based on its positions that DiversiTech improperly made new arguments for the first time in that brief and improperly attached over 200 pages of new evidence in the appendix attached to that brief. In the alternative, DuraPlas requests permission to file a sur-reply addressing the alleged new arguments and evidence.

## II.      Standard of Review

A preliminary injunction is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must establish a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Id.* In the context of alleged patent infringement, a patentee's entitlement to a preliminary injunction is a matter largely within the discretion of the trial court. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375 (Fed. Cir. 2009).

"[W]hen a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024).

### III.    Analysis

DiversiTech has not met its burden of establishing entitlement to the extraordinary remedy of a preliminary injunction. In particular, even considering the Reply in Support of Preliminary Injunction, DuraPlas has raised a substantial invalidity defense. Furthermore, DiversiTech's six-month delay in filing its motion undermines its position that there is irreparable harm in the absence of a preliminary injunction. But the Court also declines to rely upon the numerous arguments and extensive evidence (including two expert declarations) DiversiTech waited to provide until filing its Reply in Support of Preliminary Injunction. Critically, at the time it filed its Motion for Preliminary Injunction, DiversiTech already had received DuraPlas's invalidity contentions. DiversiTech has no valid excuse for waiting until its Reply in Support of Preliminary Injunction to make its arguments and present its evidence related to validity and, in particular, to demonstrate why DuraPlas's invalidity positions did not bar it from entitlement to a preliminary injunction. This strategic decision prompted the Motion to Strike, delayed final briefing related to the evidence underlying the Motion for Preliminary Injunction, and evidences a lack of diligence in presenting arguments and evidence in favor of a preliminary injunction, further undermining its position that there is irreparable harm in the absence of a preliminary injunction. Finally, DiversiTech fails to establish the existence of a substantial threat of irreparable harm that will likely result absent injunctive relief given that DuraPlas has ceased manufacturing and selling the relevant version of the PolarPad.

4

### A.    Likelihood of Success

As for the first element related to the Motion for Preliminary Injunction, likelihood of success on the merits, in this context the patentee must show that it will likely prove infringement and likely withstand any challenges to the validity of its patent. *Titan Tire Corp.*, 566 F.3d at 1376. At this stage, moreover, the accused infringer need not make out a case of actual invalidity to avoid a preliminary injunction, but need only show a substantial question of invalidity. *FMC Corp. v. Sharda USA, LLC*, 145 F.4th 1326, 1334 (Fed. Cir. 2025). If challenged, the patent owner must show it is more likely than not to prevail over an invalidity challenge. *Id.*

Here, DiversiTech has not established a likelihood of success on the merits because DuraPlas has raised substantial questions that the relevant claims of the '123 Patent may be invalid. In its Brief in Support of Preliminary Injunction, DiversiTech simply asserted "DuraPlas is unlikely to establish a substantial question as to the validity" of the '123 Patent, highlighted that the "presumption of validity applies," and argued "DuraPlas has raised no genuine basis to question the validity of the issued patent." Doc. No. 65 at 16–17 (all citations to CM/ECF page number unless otherwise noted). That's it. DiversiTech did not address any invalidity position that DuraPlas had already disclosed to DiversiTech in DuraPlas's invalidity contentions.

Were the Motion for Preliminary Injunction and Brief in Support of Preliminary Injunction filed early in this case, particularly before invalidity contentions were served, it might make sense that those documents do not provide any details explaining why

asserted patent claims are not invalid. But at the time DiversiTech filed its Motion for Preliminary Injunction, it had already received DuraPlas's invalidity contentions.

Even a cursory review of the Declaration of David Smith in Support of DiversiTech Corporation's Reply Brief for Preliminary Injunction (Doc. No. 100-4) reveals numerous citations and extensive discussion of DuraPlas's invalidity contentions. Likewise, the Declaration of Andrew H. Hirshfeld in Support of DiversiTech Corporation's Reply Brief for Preliminary Injunction (Doc. No. 100-1) includes several citations and discussion of DuraPlas's invalidity contentions. There is no good excuse for waiting until the reply to present these declarations.

DiversiTech attempts to explain away its decision to wait. It highlights how the Federal Circuit once indicated in a footnote that "[i]nvalidity is an affirmative defense, and the patentee need not address invalidity as an initial matter in filing for a preliminary injunction." *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1375 n.7 (Fed. Cir. 2015). Had DiversiTech filed its Motion for Preliminary Injunction earlier in the case before it received any invalidity contentions, DiversiTech's invocation of this Federal Circuit statement would ring true. But in *Gaymar* the Federal Circuit was not addressing whether a motion for a preliminary injunction should address already-disclosed invalidity positions, the issue here. Furthermore, in *Gaymar* the Federal Circuit highlighted how there was "a dispute between the parties as to whether Gaymar had the burden of addressing validity in its preliminary injunction (to show likelihood of success) *or whether Gaymar was obligated to*

*address the issue only after CSZ raised the issue.*" *Id.* at 1375 (emphasis added). Here, there is no question DuraPlas raised invalidity issues in its invalidity contentions, and there is no question DiversiTech failed to address those issues in its Motion for Preliminary Injunction or Brief in Support of Preliminary Injunction. In other words, *Gaymar* does not address comparable facts.

In short, there is no excuse permitting DiversiTech to sandbag DuraPlas in the briefing related to the Motion for Preliminary Injunction. *See, e.g., BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, No. 3:22-CV-1981-L, 2023 WL 223179, at \*3 (N.D. Tex. Jan. 17, 2023) (Lindsay, J.) ("The sheer volume of materials submitted by Plaintiff for the first time in support of its reply brief is akin to an unfair ambush, and Plaintiff has yet to explain why it was unable to seek leave or submit the evidence when it filed its Motion for Preliminary Injunction."). Given that DiversiTech failed to address disclosed invalidity positions in its opening brief and waited until its reply to present arguments and evidence related to those disclosed invalidity positions, the Court declines to rely on the new arguments and evidence submitted by DiversiTech in its reply brief and associated appendix. *See id.* (declining to rely on materials submitted with reply brief).

But even if the Court considered all of the Reply in Support of Preliminary Injunction, the Court would still deny the Motion for Preliminary Injunction. In particular, like the Brief in Support of Preliminary Injunction, the Reply in Support of Preliminary Injunction does not address the invalidity arguments related to the Hef-T-

7

Pad prior art submitted by DuraPlas not only in its invalidity contentions but in its Opposition to Preliminary Injunction.

In particular, in its Opposition to Preliminary Injunction, DuraPlas argued and presented evidence from its invalidity contentions that "the Hef-T-Pad prior art raises a substantial question of validity because it discloses every limitation of the asserted claims, either alone or in view of other prior art." Opposition to Preliminary Injunction at 14; Exhibit H (Doc. 85-24). In its Reply in Support of Preliminary Injunction, DiversiTech makes three arguments related to validity. But none meets its burden to show it is more likely than not to prevail over this invalidity challenge.

First, DiversiTech says, "during prosecution of a related application . . . DiversiTech disclosed the very Hef-T-Pad images and invalidity claim charts that DuraPlas contends should have been disclosed and the examiner nonetheless allowed" the related application to issue as another patent. Doc. No. 99 at 8–9. But the fact that a patent examiner allowed different claims to issue over the Hef-T-Pad prior art does not address whether the asserted claims of the '123 Patent are invalid in light of the Hef-T-Pad prior art.

Second, DiversiTech continues, "DuraPlas has failed to offer competent evidence that the prior art it identifies renders the '123 Patent anticipated or obvious." *Id.* at 9. In particular, DiversiTech criticizes DuraPlas for failing to provide a definition of a person of ordinary skill in the art and for failing to offer expert testimony. But, in both respects, DiversiTech has not cited any controlling authority requiring a definition

8

of a person of ordinary skill in the art or expert testimony in response to a motion for a preliminary injunction. And, contrary to DiversiTech's position, the Federal Circuit has held that "[v]alidity challenges during preliminary injunction proceedings can be successful, that is, they may raise substantial questions of invalidity, on evidence that would not suffice to support a judgment of invalidity at trial." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed. Cir. 2001). Moreover, again contrary to DiversiTech's position, the Federal Circuit has held that, "[g]enerally, expert testimony is not required at the preliminary injunction stage given the lower burden and because the timing of a preliminary injunction may foreclose the possibility of developing 'a fully comprehensive presentation of [an accused infringer's] defenses.'" *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1403 (Fed. Cir. 2022) (quoting *New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992)).

Third, DiversiTech concludes, "none of the prior art [DuraPlas] identifies anticipates or makes obvious the claims at issue." Doc. No. 99 at 11. But in making this argument, DiversiTech never addresses the Hef-T-Pad prior art. DiversiTech instead addresses "Adam," "Jones," "Apps," "Maldonado Cortés," and "Dysinger." *Id.* at 11–12.

In short, DiversiTech has not shown it is more likely than not to prevail over DuraPlas's invalidity challenge. In particular, DiversiTech never provides any indication in its Reply in Support of Preliminary Injunction, let alone in its Brief in Support of Preliminary Injunction, of why the Hef-T-Pad prior art does not anticipate

9

or render obvious the asserted claims of the '123 Patent, as demonstrated by DuraPlas in its invalidity contentions and Opposition to Preliminary Injunction.

### B.      Likelihood of Irreparable Harm

As for the second element related to the Motion for Preliminary Injunction, irreparable harm in the absence of a preliminary injunction, delay in seeking preliminary relief is an important factor bearing on the need for a preliminary injunction. *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* 49 F.3d 1551, 1557 (Fed. Cir. 1995). Absent a good explanation, a substantial period of delay demonstrates there is no apparent urgency to the request for injunctive relief. *Id.*

Here, DiversiTech waited to seek a preliminary injunction for over six months after DuraPlas filed its original complaint including declaratory judgment claims related to the '123 Patent. *See* Plaintiff's Original Complaint (Doc. 1) (dated May 26, 2025); Motion for Preliminary Injunction (Doc. 64) (dated Dec. 12, 2025). Judge Lindsay found a comparable six-month delay in seeking a preliminary injunction after a lawsuit was filed to be "sufficient to rebut any possible presumption of irreparable harm." *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (Lindsay, J.) (six-month delay in seeking preliminary injunction after lawsuit filed). The six-month delay here, at a minimum, undercuts DiversiTech's argument that it is likely to establish irreparable harm in the absence of a preliminary injunction.

But, even if the period of delay before filing the Motion for Preliminary Injunction were not enough, standing alone, to demonstrate the absence of irreparable

harm, DiversiTech's failure to include all of the relevant evidence in the original appendix attached to its Motion for Preliminary Injunction—as discussed above after DiversiTech had already received DuraPlas's invalidity contentions—served only to prompt the Motion to Strike and create additional delay. In short, DiversiTech's delay in filing the Motion for Preliminary Injunction combined with its failure to submit arguments and evidence with that motion in light of disclosed invalidity positions evidence a lack of urgency.

Finally, the Court notes the same facts identified in its Order (Doc. 154) denying DiversiTech's separate motion for a temporary restraining order and preliminary injunction related to alleged infringement of U.S. Patent No. 12,522,399. In particular, DuraPlas states that it "has permanently ceased manufacturing and selling Version 1 [PolarPads]," "[a]ll remaining Version 1 [PolarPads] in DuraPlas's possession have been removed from inventory[,]" and "DuraPlas has also removed the Version 1 molds from its manufacturing facility and transitioned its website and social media accounts to promote only Version 2 pads." Doc. No. 137 at 21–22. Based on these facts, and the fact that the present Motion relates only to Version 1 PolarPads (Doc. No. 99 at 24 (requesting injunctive relief only related to "Version 1 condenser pads")), the Court also finds here that DiversiTech fails to establish the existence of a substantial threat of irreparable harm that will likely result absent injunctive relief. *See Winter*, 555 U.S. at 22. Specifically, DiversiTech again fails to establish that the alleged harm "cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*,

11

703 F.3d 262, 279 (5th Cir. 2012) (internal quotations omitted). Further, DiversiTech fails to establish the imminent threat of irreparable harm required for injunctive relief to issue. *See ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015) (Fish, C.J.) (emphasis added); *Mannatech, Inc. v. Wellness Quest, LLC*, No. 3:14-CV-2497-K, 2014 WL 11515729, at *1 (N.D. Tex. Nov. 4, 2014) (Kinkeade, J.). Accordingly, DiversiTech fails to establish all four elements required to obtain injunctive relief. *See Speed v. Am.'s Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (Lindsay, J.) (noting that, "if a party fails to meet any of the four requirements, the court cannot grant a [temporary restraining order] or preliminary injunction").

### IV.   Conclusion

For the reasons stated above, the Court hereby **DENIES** the Motion for Preliminary Injunction. As set forth above, DiversiTech has not met its burden to demonstrate a substantial likelihood of success on the merits and, alternatively, has failed to demonstrate a likelihood of irreparable harm in the absence of a preliminary injunction. Also, for the reasons stated above, the Court hereby **GRANTS IN PART** the Motion to Strike to the extent it requests the Court strike the appendix filed with the Reply in Support of Preliminary Injunction and the new arguments in Section I of the Reply in Support of Preliminary Injunction, including arguments that rely upon the appendix filed with the Reply in Support of Preliminary Injunction. The Court hereby **DENIES IN PART** the Motion to Strike to the extent it requests permission

12

to file a sur-reply brief in opposition to the Motion for Preliminary Injunction. The Court also hereby **DENIES** DiversiTech's request for retroactive leave to file its reply appendix.

**SO ORDERED.**

Signed July 20th, 2026.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

13